Wardlaw J.
delivered the opinion of the Court.
The only ground of appeal much relied on here, is the first, for a non-suit. In addition to what appears in the report, it appears to this Court, that after the order, the negro was delivered by Smith to Thomson, and somehow the action of trover went off the docket. The order directed that the mailers of account should be referred to the arbitrators, and that cither party in whose favor the balance was found, might have execution against the other, to be awarded by a Judge at chambers or in Court. There could be no discount in an action of trover, nor any recovery b)T the defendant against tnc plaintiff. Regularly matters of account, beyond hire and interest, were involved in the action of trover only to this extent, that the defendant there was not guilty, unless the money, for which the negro was pledged, had been paid or tendered to him. In the form of an order, the parties by consent expressed their agreement to submit their whole dispute to arbitrators: and in this form, as to matters not embraced by the action pending, their agreement had no more efficacy to oust the jurisdiction of the Court over another suit involving those matters, than an agreement made out of Court, (tice Pcrcival and Hcrbemont, 1 M’Mul., 59.) If the order be looked upon as the act of the Court, and one party disregarded the terms imposed upon him as a condition, the remedy of the other was to claim forfeiture of the advantage to which the condition was annexed, or by rule and attachment, to enforce obedience to the order of the Court. Besides then, that one of the arbitrators became incompetent, that Thomson took steps towards the reference no more than Smith, and that the former suit seems to be discontinued, this Court perceives in the order itself nothing that would preclude the present action.
The motion is therefore dismissed.